**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4677

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDALL LEE CONRAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-297)

Submitted: July 5, 2006                    Decided: July 12, 2006

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Chief, Criminal Section, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In this appeal, Randall Conrad (Conrad) challenges the sufficiency of the evidence to support his conviction on one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base (crack), 21 U.S.C. §§ 841(b)(1)(A), 846.[1] For reasons that follow, we affirm.

A verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as that evidence which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To prove conspiracy under 21 U.S.C. §§ 841 and 846, the government must prove an agreement to violate a federal drug law, the defendant's knowledge of the conspiracy, and the defendant's knowing and voluntary participation in such conspiracy. United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001). Notably, a defendant may be convicted of conspiracy without knowing all of his coconspirators, or of all of the conspiracy's details, as long as he joins the conspiracy understanding its unlawful

---

[1]At the time of his conspiracy conviction, Conrad was also convicted of various federal firearm and drug charges. Conrad does not challenge these other convictions in the present appeal.

nature and willfully joins in the plan on at least one occasion. Burgos, 94 F.3d at 858. Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support conviction. Id. at 861.

The evidence at trial, viewed in the light most favorable to the government, showed that Conrad knowingly and voluntarily participated in a conspiracy to possess with the intent to distribute fifty grams or more of crack. Conrad's cousin, Samuel Spease (Spease), testified at trial that he served as a lookout for Conrad either across the street from or in front of a trailer from which Conrad sold crack to individual customers.[2] Spease's lookout duties included him radioing by walkie talkie Charles Hairston (Hairston), whom Spease testified "was in it with us," when a crack customer approached the trailer in which Conrad was waiting to make a sale. (J.A. 130). According to Spease, once he notified Hairston of an approaching customer, Hairston "took it from there." Id. Spease also testified that sometimes Hairston would serve as the lookout. In exchange for Spease's lookout activities, Conrad either paid Spease money or provided him with some crack. Spease testified that he was a lookout for Conrad for approximately two or three weeks and that Conrad had approximately ten to fifteen customers per day.

---

[2]Conrad's mother paid the rent on the trailer, which trailer was across the street from the trailer in which she lived.

During the time relevant to Conrad's conspiracy conviction, police executed a search warrant at the same trailer and consequently seized various amounts of crack packaged for individual distribution, $1,192 in United States currency, a set of digital scales used to weigh drugs for individual sales, a walkie talkie, a loaded firearm, and Conrad's North Carolina driver's license, which license had been laying on a desk in the master bedroom.

The evidence also showed drug trafficking activity at a second trailer, located in a neighboring North Carolina county, in which Conrad lived and sublet a portion with a separate entrance to Hairston. During the time of the charged conspiracy, 30.5 grams of cooling crack was seized, pursuant to a search warrant, from the stove-top of the second trailer's shared kitchen. A set of scales and a box of latex gloves were also seized from the shared kitchen. Additionally, the police seized 5.9 grams of cocaine hydrochloride, a key ingredient of crack, from a shelf in Conrad's bathroom. Conrad himself even admitted on the witness stand at trial that he knew Hairston was selling drugs from this second trailer, but that he "needed half the rent." (J.A. 285).

From this outlined evidence, we have no trouble concluding that Conrad's conviction for conspiracy to possess with intent to distribute fifty grams or more of crack, 21 U.S.C. §§ 841(b)(1)(A), 846, is supported by substantial evidence. Accordingly, we affirm

such conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED